# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNE THOMAS, | Case No. 1:23-cv-01610-KES-SAB |
| Plaintiff, | ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |
| v. | |
| FAMILY HEALTHCARE NETWORK, et al., | **SEVEN-DAY DEADLINE** |
| Defendants. | |

On November 15, 2023, Plaintiff, a California resident, filed this negligence action against (1) Defendant Family Healthcare Network, a California corporation with its principal place of business in California, and (2) Narwhals Mating, M.D., a California resident. (ECF No. 1.) Neither Defendant has responded to the complaint. On March 12, 2024, Plaintiff requested entry of default against both Defendants (ECF No. 12), which the clerk entered on March 13, 2024 (ECF No. 13). On April 12, 2024, Plaintiff filed a motion for default judgment against both Defendants. (ECF No. 16.)

Upon review of Plaintiff's motion for default judgment, this Court has concerns regarding its subject matter jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction"). Both Plaintiff's complaint and motion for default judgment allege that the basis for jurisdiction is diversity jurisdiction under 28 § U.S.C. § 1332. (ECF No. 1 at 3;

1

ECF No. 16 at 5.)  A district court has jurisdiction over a case if the suit is between citizens of a state and citizens of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(2).  Plaintiff argues in her motion for default judgment that "Defendants are citizens of California. Thus, the parties are diverse."  (ECF No. 16 at 5 (citations omitted).)  The motion fails to address Plaintiff's state of citizenship.  However, Plaintiff's allegation in her complaint that she is also a citizen of California means this action does not satisfy the diversity of citizenship requirement for diversity jurisdiction.  (See ECF No. 1 at 3.)  The Court shall therefore require Plaintiff to show cause as to how the Court has subject matter jurisdiction over this action.

Accordingly, IT IS HEREBY ORDERED that Plaintiff show cause, in writing, **within seven (7) days** of entry of this order why the Court should not recommend Plaintiff's case be dismissed for lack of subject matter jurisdiction.  Failure to show cause in writing will result in recommendation of dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   **April 23, 2024**

UNITED STATES MAGISTRATE JUDGE

2