# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNE THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>FAMILY HEALTHCARE NETWORK, et al.,<br><br>    Defendants. | Case No.  1:23-cv-01610-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION; DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION WITH LEAVE TO AMEND<br><br>ORDER VACATING MAY 8, 2024 HEARING<br><br>(ECF Nos. 1, 16, 19, 20)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

Currently before the Court is Plaintiff Deanne Thomas's ("Plaintiff") motion for default judgment against Defendants Family Healthcare Network and Narwhals Mating, M.D.  (ECF No. 16.)  The Court finds this matter suitable for decision without oral argument and vacates the hearing scheduled for May 8, 2024.  See L.R. 230(g).  For the reasons set forth herein, the Court recommends that Plaintiff's motion for default judgment be denied, and the complaint be dismissed *sua sponte* with leave to amend to establish subject matter jurisdiction.

1

**II.**

**BACKGROUND**

On November 15, 2023, Plaintiff, a California resident, filed this negligence action against Defendant Family Healthcare Network, a California corporation with its principal place of business in California, and Narwhals Mating, M.D., a California resident.  (ECF No. 1.) Plaintiff alleges the Court has diversity jurisdiction under 28 U.S.C. § 1332.  (Id.)

Both Defendants failed to respond to the complaint.  On March 12, 2024, Plaintiff requested entry of default against both Defendants (ECF No. 12), which the Clerk entered on March 13, 2024 (ECF No. 13).

On April 12, 2024, Plaintiff filed the instant motion for default judgment against both Defendants.  (ECF No. 16.)  Upon review of Plaintiff's motion, the Court had concerns whether diversity jurisdiction existed and, on April 23, 2024, ordered that Plaintiff show cause why the Court should not recommend that the case be dismissed for lack of subject matter jurisdiction. (ECF No. 19.)  On April 30, 2024, Plaintiff filed a response to the Court's order to show cause confirming diversity jurisdiction does not exist. (ECF No. 20 at 2.)  Plaintiff requests leave to amend to correct the statement of subject matter jurisdiction and to add the United States as either a Doe Defendant or as a named Defendant.  (Id. at 2-3.)

**II.**

**LEGAL STANDARD FOR DEFAULT JUDGMENTS**

"Our starting point is the general rule that default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible."  NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)).  Pursuant to Federal Rule of Civil Procedure ("Rule") 55, obtaining a default judgment is a two-step process.  Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  After entry of default, a plaintiff can seek entry of default judgment.  Fed. R. Civ. P. 55(b).

1    The decision to grant a motion for entry of default judgment is within the discretion of

2  the court.  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).  The

3  Ninth Circuit has set forth the following seven factors (the "Eitel factors") that the Court may

4  consider in exercising its discretion: (1) the possibility of prejudice to the plaintiff; (2) the merits

5  of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at

6  stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the

7  default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of

8  Civil Procedure favoring decisions on the merits.  Eitel, 782 F.2d at 1471–72.

9    Generally, once default has been entered, "the factual allegations of the complaint, except

10  those relating to damages, will be taken as true."  Garamendi v. Henin, 683 F.3d 1069, 1080 (9th

11  Cir. 2012) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).

12  Accordingly, the amount of damages must be proven at an evidentiary hearing or through other

13  means.  Microsoft Corp. v. Nop, 549 F. Supp. 2d 1233, 1236 (E.D. Cal. 2008).  Additionally,

14  "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not

15  established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992)

16  (internal citation omitted).  The relief sought must not be different in kind or exceed the amount

17  that is demanded in the pleadings. Fed. R. Civ. P. 54(c).

18                                             **IV.**

19                                        **DISCUSSION**

20    **A.    Plaintiff's Motion for Default Judgment**

21    Before evaluating the Eitel factors to determine whether default judgment should be

22  entered, "a district court has an affirmative duty to look into its jurisdiction over both the subject

23  matter and the parties."  In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999); see also Valdez v. Allstate

24  Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are "obligated to consider

25  sua sponte whether [they] have subject matter jurisdiction").  "To avoid entering a default

26  judgment that can later be successfully attacked as void, a court should determine whether it has

27  the power, i.e., the jurisdiction, to enter the judgment in the first place."  In re Tuli, 172 F.3d at

28  712.

1   Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to

2   that granted by Congress.  U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000).  Pursuant to 28

3   U.S. C. § 1332, federal courts have original jurisdiction of all civil actions between citizens of

4   different States in which "the matter in controversy exceeds the sum or value of $75,000,

5   exclusive of interest and costs."  28 U.S.C. § 1332(a).  This requires complete diversity of

6   citizenship and the presence "of a single plaintiff from the same State as a single defendant

7   deprives the district court of original diversity jurisdiction over the entire action."  Abrego

8   Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).  A

9   corporation is deemed to be a citizen of any State by which it has been incorporated and of the

10  State where it has its principal place of business.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 94

11  (2005) (quoting 28 U.S.C. § 1332(c)(1)).

12  In support of her allegation that this Court possesses diversity jurisdiction over this action

13  under 28 U.S.C. § 1332, Plaintiff argues in her motion for default judgment that "Defendants are

14  citizens of California….Thus, the parties are diverse."  (ECF No. 16 at 5.)  Plaintiff, however,

15  fails to account for her own California citizenship.   Plaintiff, Defendant Family Healthcare

16  Network, and Defendant Narwhals Mating, M.D. are citizens of California.  (ECF No. 1 at 3.)

17  Plaintiff's motion therefore fails to establish the parties are completely diverse or that this Court

18  otherwise has federal subject matter jurisdiction.  In response to the Court's order to show cause

19  regarding subject matter jurisdiction, Plaintiff concedes the Court lacks diversity jurisdiction in

20  this action.  (ECF No. 20 at 2.)[1]

21  Without subject matter jurisdiction, any default judgment entered by the Court would be

22

23  [1] Diversity jurisdiction is a basic federal court practice.  Counsel for Plaintiff filed a form complaint that is intended
to walk *pro se* litigants through filing negligence actions specifically under diversity of citizenship.  The form
24  complaint includes explanations of the basic requirements of diversity jurisdiction to unrepresented individuals with
no legal background or experience.  Aside from the issue that counsel for Plaintiff is expected to know the
25  fundamental concept of diversity jurisdiction, counsel for Plaintiff failed to follow the instructions contained within
the template *pro se* complaint.  More concerning, however, is that counsel for Plaintiff *knew* both Defendants and
26  Plaintiff shared the same state of citizenship when the complaint was filed in November 2023, yet filed a motion for
default judgment re-asserting the parties were completely diverse.  It is not well-taken that counsel for Plaintiff
27  provided no explanation for this clearly incorrect statement of fact and law in his response to the Court's order to
show cause. When practicing in this Court, in fact any court of law for that matter, all counsel are expected to know
28  the law and not be educated by the Court on basic legal concepts.  Future conduct may be subject to sanctions as the
Court may take such actions by counsel as willful conduct.

void.  See In re Tuli, 172 F.3d at 712.  Accordingly, the Court recommends denying Plaintiff's motion for default judgment against Defendant Family Healthcare Network, and Narwhals Mating, M.D. for lack of subject matter jurisdiction.[2]

**B**.  ***Sua Sponte* Dismissal and Request for Leave to Amend**

Given Plaintiff's complaint alleges subject matter jurisdiction under diversity jurisdiction, the Court also recommends dismissing Plaintiff's complaint *sua sponte* for lack of subject matter jurisdiction.  However, "a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist—even though the [complaint] inadequately alleges jurisdiction."  Seymour v. The Mut. of New York Life Ins. Co., No. CV 20-7578 PA (JEMX), 2021 WL 4497502, at *2 (C.D. Cal. Mar. 1, 2021); see also Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment").

As a threshold matter, Plaintiff, who is represented in this action, filed a "*Pro Se* 5" form complaint for civil cases alleging negligence under 28 U.S.C. § 1332.  (ECF No. 1.)  The form complaint utilized by Plaintiff is templated specifically for actions arising under diversity of citizenship.  If Plaintiff chooses to amend her complaint, she must do so without using the same form complaint for negligence actions arising under diversity jurisdiction.

The Court also briefly addresses the additional jurisdictional requirements of alleging a claim under the FTCA.  In response to the Court's order to show cause regarding subject matter jurisdiction, Plaintiff states that after further investigation, she has discovered that "Defendant Family Healthcare Network is a Federally Qualified Health Center, a Health Center Program grantee under 42 U.S.C. 254b, and a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n)" and that "Defendant Family Healthcare Network receives Health and Human Services funding and has Federal Public Health Service deemed status with respect to certain health or health related claims, including medical malpractice claims, for itself and its covered individuals (which includes Defendant Narwhals Mating, M.D.)."  (ECF No. 20 at 2.)  Plaintiff

---

[2] Because the Court finds it does not have subject matter jurisdiction over this action as currently pleaded, the Court does not evaluate the merits of Plaintiff's motion for default judgment.

1   contends she has "initiated the process for this claim through the Federal Tort Claims Act (28

2   USC § 1346(b)) and it is Plaintiff's understanding that such actions must be brought in federal

3   courts." (Id.)   Plaintiff maintains that "Defendants Narwhals Mating, M.D. and Family

4   Healthcare Network are the proper actors at issue in this case," but that it also "appears that the

5   Federal Tort Claim Act (28 USC § 1346(b)) requires that the United States also be named as a

6   party." (Id.)   Plaintiff therefore requests leave to add the United States as a Defendant in this

7   action. (Id. at 2-3.)

8        The Court notes that amending the complaint to add the United States as a Defendant,

9   without more, would not cure the jurisdictional deficiencies.   The FTCA limits federal court

10  jurisdiction to hear actions for damages against the United States. Warren v. U.S. Dep't of

11  Interior, 724 F.2d 776, 777-78 (9th Cir. 1984). Before a plaintiff can file an FTCA action in

12  federal court, she must exhaust the administrative remedies for her claim.  See 28 U.S.C. §

13  2675(a) ("An action shall not be instituted upon a claim against the United States for money

14  damages ... unless the claimant shall have first presented the claim to the appropriate Federal

15  agency[.]"). "An administrative claim is deemed exhausted once the relevant agency finally

16  denies it in writing, or if the agency fails to make a final disposition of the claim within six

17  months of the claim's filing." D.L. by & through Junio v. Vassilev, 858 F.3d 1242, 1244 (9th

18  Cir. 2017) (citing 28 U.S.C. § 2675(a)); Warren, 724 F.2d at 778 ("The plaintiff is permitted to

19  sue the United States *only* after the claim is denied or six months have elapsed without final

20  disposition by the agency") (emphasis added).  "Exhaustion of the claim procedures established

21  under the [FTCA] is a prerequisite to district court jurisdiction." Johnson v. United States, 704

22  F.2d 1431, 1442 (9th Cir. 1983). "Because the requirement [to file an administrative claim] is

23  jurisdictional, 'it must be strictly adhered to. This is particularly so since the FTCA waives

24  sovereign immunity.' " Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) (quoting

25  Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992)); McNeil v. United States, 508 U.S.

26  106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have

27  exhausted their administrative remedies.").

28        While Plaintiff generally states she "initiated the process for this claim through the

Federal Tort Claims Act," she fails to proffer any information as to whether she exhausted her administrative remedies by filing an administrative tort claim with the appropriate federal agency under 28 U.S.C. § 2675(a).   The Court is therefore unaware whether Plaintiff can cure the jurisdictional defect.  However, if she can do so, amendment would not be futile.  Accordingly, the Court recommends that Plaintiff be granted leave to amend to establish subject matter jurisdiction and demonstrate that her claim arises under the FTCA, if she believes she can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.**

**CONCLUSION AND RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion for default judgment against Defendants Family Healthcare Network and Narwhals Mating, M.D. be DENIED for lack of subject matter jurisdiction; and

2.      Plaintiff's complaint be DISMISSED with leave to amend to establish subject matter jurisdiction.

///
//
///
///
///
///
///
///
///
///
///
///
///
///

7

1    These findings and recommendations are submitted to the district judge assigned to this

2 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**

3 **(14) days** of service of these recommendations, the parties may file written objections to the

4 findings and recommendations with the Court.   Such a document should be captioned

5 "Objections to Magistrate Judge's Findings and Recommendations."   The District Judge will

6 review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. §

7 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

8 result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)

9 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

10

IT IS SO ORDERED.

11

12 Dated:   **May 6, 2024**

UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28